COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:      Herman Alfredo Lopez v. The State of Texas

Appellate case number:   01-18-00358-CR

Trial court case number:  16-CR-2498

Trial court:             212th District Court of Galveston County

       Appellant's opening brief, filed by appointed counsel on May 21, 2019, asserts as its sole point of error that evidence was "factually insufficient" to convict appellant of the charge of possession of a controlled substance. Texas courts, however, no longer conduct a factual sufficiency analysis in criminal cases. *See Brooks v. State,* 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). Appointed counsel's brief cites *Clewis v. State,* 922 S.W.2d 126 (Tex. Crim. App. 1996) for applying a factual sufficiency standard of review, but both the citation to *Clewis* and the substance of the brief fail to acknowledge that *Clewis* was explicitly overruled by *Brooks.* 323 S.W.3d at 912. Accordingly, the opening brief does not comply with the Texas Rules of Appellate Procedure because it fails to include "appropriate citations to authorities." TEX. R. APP. P. 38.1(i).

       We **strike** the brief and order counsel to re-file a brief that complies with the Texas Rules of Appellate Procedure in light of *Brooks*. *See* TEX. R. APP. P. 38.9(b) ("If the court determines, either before or after submission, that the case has not been properly presented in the briefs, or that the law and authorities have not been properly cited in the briefs, the court may postpone submission, require additional briefing, and make any other order necessary for a satisfactory submission of the case."). Appellant's brief shall be due within **20 days** of this order. At its discretion, the State may amend its September 9, 2019 brief no later than **20 days** after appellant's brief is filed.

       It is so ORDERED.


Judge's signature: ____/s/ Sarah B. Landau_____
                                Acting individually


Date: ___December 10, 2019___